

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

### NO. WR-22,074-10

### EX PARTE ROBERT GANDY, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NO. 532347-E IN THE 351ST DISTRICT COURT
### FROM HARRIS COUNTY

*Per curiam*.

### O R D E R

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of aggravated robbery and sentenced to life imprisonment. The First Court of Appeals affirmed his conviction. *Gandy v. State*, 835 S.W.2d 238 (Tex. App. — Houston [1st Dist.] July 23, 1992) (pet. ref'd.).

Applicant contends that he was denied due process because his conviction was based on "junk science." In 2009 Applicant received a notice from the Harris County District Attorney's Office indicating that the F.B.I. had recently notified that office that evidence and testimony from an F.B.I. examiner presented at Applicant's trial concerning compositional analysis of bullet lead

or fragments to establish links to a particular box of ammunition had been determined to be unreliable. Applicant alleges that the testimony of the F.B.I. examiner as to comparisons between bullets found at the scene of the offense and in Applicant's home and car was false and misleading, and that he is entitled to a new trial pursuant to Article 11.073 of the Texas Code of Criminal Procedure.

Applicant has alleged facts that, if true, might entitle to relief. In these circumstances, additional facts are needed. As we held in *Ex parte Rodriguez*, 334 S.W.2d 294, 294 (Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. The trial court may use any means set out in TEX. CODE CRIM. PROC. art. 11.07, § 3(d) to resolve the issues raised in this application. In the appropriate case, the trial court may rely on its personal recollection. *Id*.

If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an attorney to represent Applicant at the hearing. TEX. CODE CRIM. PROC. art. 26.04.

The trial court shall make findings of fact and conclusions of law as to whether relevant scientific evidence is currently available and was not available at the time of Applicant's trial or at the time of the filings of his previous habeas applications. The trial court shall make findings of fact and conclusions of law as to whether such evidence would be admissible at a trial. The trial court shall also make findings of fact and conclusions of law as to whether, but for the testimony of the F.B.I. examiner, by a preponderance of the evidence Applicant would not have been convicted. The trial court shall also make any other findings of fact and conclusions of law that it deems relevant and appropriate to the disposition of Applicant's claim for habeas corpus relief.

This application will be held in abeyance until the trial court has resolved the fact issues. The

issues shall be resolved within 90 days of this order. A supplemental transcript containing all affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall be forwarded to this Court within 120 days of the date of this order. Any extensions of time must be requested by the trial court and shall be obtained from this Court.


Filed:  March 28, 2018
Do not publish